UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                            :
UNITED STATES OF AMERICA,                                   :    **MEMORANDUM
                                                            :    DECISION AND ORDER**
                                                            :
                                                            :    15-CR-32 (BMC)
              -against-                                     :
                                                            :
TERENCE JOHNSON,                                            :
                                                            :
              Defendant.                                    :
                                                            :
                                                            :
----------------------------------------------------------- X

**COGAN**, District Judge.

Defendant was found guilty on May 31, 2016 of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), based on a bench trial on stipulated facts that he possessed a firearm on January 10, 2015 and that prior to that date, he had been convicted of a crime punishable by imprisonment for a term exceeding one year. He is awaiting sentencing.

Defendant has objected to the Presentence Investigation Report's ("PSR") calculation of his advisory United States Sentencing Guidelines' ("U.S.S.G.") sentencing range of fifty-seven to seventy-one months. His objections are twofold.

First, the PSR used an enhanced base offense level of twenty-four. That was based on its conclusion that defendant committed the instant offense subsequent to sustaining two felony convictions that constituted crimes of violence. Defendant argues that the use of the enhanced base offense level is improper because his prior New York conviction for attempted robbery in the second degree is not a crime of violence.

Alternatively, defendant argues that if the Court finds that defendant's conviction for attempted robbery is a crime of violence under the 2016 Guidelines Manual, then the use of the

2016 Guidelines would violate the prohibition of *ex post facto* sentences under Article I, Section 9 of the Constitution. Defendant asserts that the 2016 Guidelines Manual applies a higher sentencing range than the 2014 Guidelines, which were in effect on January 10, 2015, the day he committed the offense.

I find that defendant's prior convictions are crimes of violence under the 2016 Guidelines Manual, but that to apply the 2016 Guidelines would result in a Guidelines range higher than the 2014 Guidelines Manual. I therefore will use the 2014 Guidelines, resulting in a lower Guidelines range.

## BACKGROUND

In anticipation of defendant's sentencing, the Probation Department, in the PSR, calculated a base offense level of twenty-four, based on its conclusion that defendant had sustained two predicate convictions under U.S.S.G. § 2K2.1(a)(2): (1) a December 2009 conviction for attempted robbery in the second degree in violation of New York Penal Law § 160.10; and (2) a June 2009 conviction for robbery in the third degree, in violation of New York Penal Law § 160.05. After applying in an addendum a three-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), the Probation Department calculated an adjusted offense level of twenty-one.

The guideline for defendant's conviction for being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1) is U.S.S.G. § 2K2.1. Section 2K2.1(a)(2) provides for an enhanced base offense level of twenty-four, "if the defendant committed any part of the instant offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense." Application Note 1 of the commentary to § 2K2.1 instructs that

2

"'crime of violence' has the meaning given to that term in [U.S.S.G.] § 4B1.2(a) and Application Note 1 of the commentary to § 4B1.2."

## DISCUSSION

### I. Defendant's Prior Convictions for Robbery and Attempted Robbery are Crimes of Violence Under the 2016 Guidelines Manual

The first issue is whether defendant's prior convictions for robbery in the third degree and attempted robbery in the second degree are crimes of violence under the 2016 Guidelines Manual, such that defendant is subject to an enhanced base offense level of twenty-four. Section 4B1.2 in the 2016 Guidelines Manual defines "crime of violence" as any state or federal offense punishable by more than one year imprisonment if it:

(1) has an element the use, attempted use, or threatened use of physical force against the person of another; or

(2) is murder, voluntary manslaughter kidnapping, aggravated assault, a forcible sex offense, robbery, arson, or extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. 584(a) or explosive material as defined in 18 U.S.C. 841(c).

U.S.S.G. § 4B1.2(a). Section 4B1.2(a)(1) is referred to as the "force clause" and § 4B1.2(a)(2) is referred to as the "enumerated offense clause." Application Note 1 of the commentary to § 4B1.2 states that "'crime of violence' . . . include[s] the offenses of aiding and abetting, conspiring, and attempting to commit such offenses."

Importantly, the 2016 Guidelines Manual includes robbery as an enumerated felony. Where a specific offense is listed as a qualifying felony, "then the trial court need find only that the state statute corresponds in substance to the generic meaning" of that enumerated felony. Taylor v. United States, 495 U.S. 575, 599, 110 S. Ct. 2143, 2158 (1990). Applying this principle here, if New York's robbery offense "corresponds substantially to the generic meaning of robbery, then the offense qualifies categorically as a crime of violence for Guidelines

3

enhancement purposes." United States v. Walker, 595 F.3d 441, 445-46 (2d Cir. 2010) (internal quotation marks omitted). Defendant concedes that New York's robbery offense corresponds substantially to the generic meaning of robbery and that his prior conviction for robbery in the third degree qualifies as a crime of violence under the 2016 Guidelines Manual.

However, defendant argues that his prior conviction for *attempted* robbery in the second degree is not a crime of violence because Application Note 1, instructing that "crime of violence" includes attempt offenses, effectively broadens the scope of the Guideline beyond its language. Because the Sentencing Commission was not authorized to promulgate commentary that expands the definition of "crime of violence," defendant asserts that the commentary must be disregarded in favor of the text, which does not list attempted robbery as a crime of violence. The Government responds by arguing that: (1) Application Note 1 is controlling because it merely interprets § 4B1.2(a); and (2) the Second Circuit has previously rejected the argument that the Sentencing Commission exceeded its statutory authority by including offenses for attempt, and other inchoate crimes, as crimes of violence in commentary.

"Commentary in the Sentencing Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38, 113 S. Ct. 1913, 1915 (1993); see also United States v. Pedragh, 225 F.3d 240, 244 (2d Cir. 2000) ("[C]ommentary is 'binding authority,' unless it is inconsistent with the underlying guideline.") (quoting United States v. Jackson, 60 F.3d 128, 131 (2d Cir. 1995)). For example, in United States v. Mingo, 340 F.3d 112 (2d Cir. 2003), the Second Circuit applied accompanying application notes, defining "gross receipts" in U.S.S.G. § 2F1.1 to include "'all property, real or personal, tangible or intangible, which is obtained directly or indirectly,'" as "binding

4

commentary." (internal citation omitted).

Although the Second Circuit previously held in <u>United States v. Jackson</u>, 60 F.3d 128 (2d Cir. 1995), that Application Note 1 of the commentary to § 4B1.2, including offenses for aiding and abetting, conspiracy, and attempt, is "binding authority," the Court's decision was based on an interpretation of a previous version of the Guidelines. As discussed below, previous versions of § 4B1.2(a)(2), including the 1995 Guidelines Manual at issue in <u>Jackson</u>, contained language that a crime of violence was one that "involve[d] conduct that presents a serious potential risk of physical injury to another." This clause, known as the residual clause, is absent from the 2016 Guidelines Manual. Because the <u>Jackson</u> opinion is unclear as to whether the residual clause factored into the Court's finding, <u>Jackson</u> is not helpful in interpreting the amended language in § 4B1.2(a) in the 2016 Guidelines Manual.

However, even under the amended 2016 Guidelines Manual, Application Note 1 is controlling because it interprets the enumerated offenses listed in § 4B1.2(a)(2). Application Note 1 explains that the term "robbery" includes convictions for aiding and abetting, conspiring, and attempting to commit robbery. I see nothing inconsistent between the text of § 4B1.2(a), listing robbery as an enumerated offense, and Application Note 1, instructing that convictions for attempted robbery are included. The language of the Guideline leaves it an open question as to whether an attempt to commit the crime is included within the crime itself. The Application Note answers that question. Thus, defendant's prior conviction for attempted robbery in the second degree is a crime of violence under the 2016 Guidelines Manual.

Because defendant's convictions for robbery and attempted robbery are both crimes of violence under the 2016 Guidelines Manual, the PSR correctly calculates defendant's base offense level as twenty-four, his total offense level as twenty-one, and his recommended

5

sentencing range of fifty-seven to seventy-one months' imprisonment under the 2016 Guidelines Manual.

## II. Application of the Ex Post Facto Clause

Defendant next argues that sentencing him under the 2016 Guidelines Manual violates the *ex post facto* clause because, even if his previous convictions are crimes of violence under the 2016 Guidelines Manual, as I have found, they are not crimes of violence under the 2014 Guidelines Manual, which would result in a lower Guidelines range. To avoid such a violation, defendant asserts that the 2014 Guidelines Manual must be used.

A sentencing court must generally apply the version of the Guidelines that is in effect on the date the defendant is sentenced, not on the date the crime was committed. 18 U.S.C. § 3553; U.S.S.G. § 1B1.11; see, e.g., United States v. Rodriguez, 989 F.2d 583, 587 (2d Cir. 1993). "However, 'if the court determines that the use of the Guidelines Manual in effect on the date that the defendant is sentenced would violate the *ex post facto* clause of the United States Constitution, the court shall use the Guidelines Manual in effect on the date that the offense of conviction was committed.'" United States v. Gonzalez, 281 F.3d 38, 45 (2d Cir. 2002) (quoting U.S.S.G. § 1B1.11(b)(1)).

There is an *ex post facto* violation when "a defendant is sentenced under Guidelines promulgated after he committed his criminal acts and the new version provides a higher applicable Guidelines sentencing range than the version in place at the time of the offense". Peugh v. United States, 133 S. Ct. 2072, 2078 (2013); see also Gonzalez, 281 F.3d at 46 ("An amendment to a guideline that occurs after the commission of an offense is a violation of the *ex post facto* clause if it works to the detriment of a defendant."). Here, then, the application of the 2016 Guidelines Manual violates the *ex post facto* clause if defendant is subject to a higher sentencing range under the 2016 Guidelines Manual than the 2014 Guidelines Manual. This

6

analysis depends on whether defendant's prior convictions are crimes of violence under the 2014 Guidelines Manual.

### A. Defendant's Prior Conviction for Robbery is Not a Crime of Violence Under The 2014 Guidelines Manual

Section 4B1.2 in the 2014 Guidelines Manual defines a "crime a violence" differently than does the 2016 Guidelines Manual.  Under § 4B1.2 in the 2014 Guidelines Manual, a "crime of violence" is defined as any state or federal offense punishable by more than one year imprisonment if it:

1. has as an element the use, attempted use, or threatened use of physical force against the person of another; or

2. is burglary of dwelling, arson, or extortion, involved use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

U.S.S.G. § 4B1.2(a).

As noted above, the phrase in § 4B1.2(a)(2) that a crime of violence is one that "involves conduct that presents a serious potential risk of physical injury to another" is known as the residual clause, which was eliminated in the 2016 Guidelines Manual.  Application Note 1 of the commentary states that "'crime of violence' includes murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling."  Unlike the 2016 Guidelines Manual, robbery is not listed as an enumerated felony in the text of § 4B1.2(a), but is included as a crime of violence in Application Note 1.

Defendant argues that: (1) robbery in New York is not a crime of violence under the force clause after Johnson v. United States, 559 U.S. 133, 130 S. Ct. 1265 (2010) ("Johnson I"); (2) robbery cannot be a crime of violence under the residual clause because the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson II"), invalidated the

7

residual clause; and (3) Application Note 1 is no longer applicable because, without the residual clause, it does not interpret or explain the text of § 4B1.2.

The Government argues, in contrast, that: (1) the Second Circuit has repeatedly held that robbery, of any degree, in New York is a crime of violence under the force clause; (2) the Supreme Court's holding in Johnson II invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), but did not affect the definition of crime of violence in § 4B1.2(a); and (3) and regardless of whether the residual clause is still valid, Application Note 1 is still a binding interpretation of the phrase "crime of violence."

1. *Defendant's Prior Conviction for Robbery is Not A Crime of Violence Under the Force Clause*

For defendant's prior conviction for robbery in the third degree to be a crime of violence under the force clause, New York Penal Law § 160.05 must have "as an element the use, attempted use, or threatened use of physical force against the person of another." § 4B1.2(a)(1). A person commits robbery in the third degree under New York Penal Law § 160.05 "when he forcibly steals property." New York Penal Law explains that,

> A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of:
>
> 1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or
>
> 2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of a larceny.

New York Penal Law § 160.00.

Because robbery in the third degree under New York Penal Law § 160.05 is indivisible – it sets out a single set of elements to define a single crime – the Court must use the categorical approach to determine if it is necessarily a crime of violence under the force clause. See Mathis

v. United States, 136 S. Ct. 2243 (2016); Descamps v. United States, 133 S. Ct. 2276 (2013). Under the categorical approach, courts "consider the offense generically, that is to say, [courts] examine it in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion." United States v. Beardsley, 691 F.3d 252, 259 (2d Cir. 2012) (quoting Begay v. United States, 553 U.S. 137, 141, 128 S. Ct. 1581, 1584 (2008)). In other words, the court must focus on "the elements of the crime" and "ignor[e] the particular facts" underlying the conviction. Mathis, 136 S. Ct. at 2248.

Thus, when determining whether a predicate conviction has as an element the use, attempted use, or threatened use of physical force, "only the minimum criminal conduct necessary for conviction under [the] particular statute is relevant." United States v. Acosta, 470 F.3d 132, 135 (2d Cir. 2006) (citing Vargas-Sarmiento v. U.S. Dep't of Justice, 448 F.3d 159, 166 (2d Cir. 2006); see also Moncrieffe v. Holder, 133 S. Ct. 1678, 1684 (2013) ("Because we examine what the state conviction necessarily involved, not the facts underlying the case, we must presume that the conviction rested upon nothing more than the least of the acts criminalized.") (internal quotation marks and citation omitted).

In Johnson I, 559 U.S. 133, 130 S. Ct. 1265 (2010), the Supreme Court interpreted the ACCA's use of the term "violent felony", defined "as any crime punishable by imprisonment for a term exceeding one year" that "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i). The Court considered the definition of "force," and determined that "in the context of a statutory definition of 'violent felony,' the phrase 'physical force' means <u>violent</u> force – that is, force capable of causing physical pain or injury to another." Johnson I, 559 U.S. at 140, 130 S. Ct. at 1271 (internal citations omitted). Therefore, a crime that requires less-than "violent" force – force that is not "capable of

9

causing physical pain or injury to another" – cannot qualify as a violent felony under the ACCA.

Although, in Johnson I, the Supreme Court interpreted "violent felony" under the ACCA, and here the Court must interpret "crime of violence" under § 4B1.2(a), there is a "substantial similarity between the ACCA's definition of 'violent felony' and the Guidelines' definition of 'crime of violence.'" United States v. Walker, 595 F.3d 441, 443 n.1 (2d Cir. 2010) (internal alterations and citations omitted). In fact, the Second Circuit has stated that "[t]he ACCA's definition of 'violent felony' is identical in all material respects to U.S.S.G. § 4B1.2(a)'s definition of 'crime of violence.'" United States v. Reyes, 691 F.3d 453, 458 n.1 (2d Cir. 2012) (per curiam). Therefore, because "authority interpreting one phrase frequently is found to be persuasive in interpreting the other phrase," Walker, 595 F.3d at 443 n.1, the Second Circuit has applied the analysis in Johnson I to determine what constitutes a "crime of violence" within the meaning of the Guidelines. See United States v. Reyes, 691 F.3d 453 (2d. Cir. 2012).

Here, then, the Court must determine whether a person who "forcibly steals property" under New York Penal Law § 160.05 necessarily uses force "capable of causing physical pain or injury to another."

The Government's approach to this question is two-pronged. First, it relies on a number of Second Circuit cases which have held that the crime of robbery in New York, regardless of degree, constitutes a crime of violence. However, all of the cases upon which the Government relies were either decided prior to Johnson I, or are non-precedential summary orders, which do not undertake an analysis of robbery in New York pursuant to the Supreme Court's definition of "force" in Johnson I. See United States v. Bennett, 604 F. App'x 11 (2d Cir. 2015); United States v. Bogle, 522 F. App'x 15 (2d Cir. 2013); United States v. Andrews, 270 F. App'x 5 (2d Cir. 2008); United States v. Brown, 52 F.3d 415 (2d Cir. 1995); United States v. Spencer, 955

F.2d 814 (2d Cir. 1992); United States v. Westcott, 159 F.3d 107 (2d Cir. 1998); United States v. Galicia-Delgado, 130 F.3d 518 (2d Cir. 1997).

The Government therefore turns to New York law, relying upon People v. Jurgins, 26 N.Y. 3d 607, 26 N.Y.S. 3d 495 (2015). That was a contextually peculiar case in which the New York Court of Appeals considered whether the robbery statute for the District of Columbia had the same elements as felony robbery under New York law, so that a conviction under the former could serve as a predicate felony conviction under New York's second felony offender statute. Interpreting the D.C. statute as allowing a robbery conviction for, *inter alia*, "stealthy seizure or snatching," even without force or violence, which would only be a misdemeanor under New York law, the Court held that a conviction under that statute could not serve as a predicate felony conviction under New York law. From this, the Government extrapolates that robbery in New York requires violent force.

I think that reads too much into Jurgins. The language of the D.C. robbery statute was different than that of New York. All that Jurgins stands for is that a "stealthy seizure or snatching" does not fall within Penal Law § 160.05. It does not tell us whether there are other acts that might fall within it in, but would not constitute force that is "capable of causing physical pain or injury," as Johnson I requires.

We therefore look to the decisions of the intermediate New York appellate courts, since "the decisions of New York State's Appellate Division are helpful indicators" for ascertaining how the New York Court of Appeals would rule. Michalski v. Home Depot, Inc., 225 F.3d 113, 116 (2d Cir. 2000) (quoting West v. AT&T, 311 U.S. 223, 237, 61 S. Ct. 179, 184 (1940)). Appellate Division decisions demonstrate that robbery in New York does not necessarily involve force "capable of causing physical pain or injury to another," as is required under Johnson I. The

Appellate Division has held, for example, that the element of "forcibly stealing" can be established by evidence that: (1) the defendant and three others "formed a human wall that blocked the victim's path as the victim attempted to pursue someone who had picked his pocket, allowing the robber to get away," People v. Bennett, 219 A.D.2d 570, 631 N.Y.S.2d 834 (1st Dep't 1995); (2) the defendant "bumped his unidentified victim, took money, and fled while another forcibly blocked the victim's pursuit," People v. Lee, 197 A.D.2d 378, 602 N.Y.S.2d 138, 139 (1st Dep't 1993); and (3) "the store clerk grabbed the hand in which defendant was holding the money and the two tugged at each other until defendant's hand slipped out of the glove holding the money," People v. Safon, 166 A.D.2d 892, 893, 560 N.Y.S.2d 552 (4th Dep't 1990).[1]

Because this Court has no other "persuasive data" suggesting that the New York Court of Appeals would hold otherwise, I hold that a conviction for robbery in the third degree under New York Penal Law § 160.05 does not qualify as a crime of violence pursuant to § 4B1.2(a)(1)'s force clause.

2. *Defendant's Prior Conviction for Robbery is Not a Crime of Violence Under the Enumerated or Residual Clauses*

In Johnson II, the Supreme Court held that the residual clause of the ACCA, 18 U.S.C.A. § 924(e)(2)(B), which provides that a "violent felony" includes a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is unconstitutionally vague. Johnson v. United States, 135 S. Ct. 2551 (2015). The Government's argument that §4B1.2(a)(2)'s residual clause is unaffected by Johnson II because the Johnson II Court invalidated the residual clause in the ACCA, and said nothing about the Guidelines, is

---

[1] The defendants in Bennett and Lee were convicted of second-degree robbery, but like third-degree robbery, that statute also requires that the defendant "forcibly steal property." See New York Penal Law § 160.10.

unpersuasive. The residual clause of § 4B1.2(a)(2) in the 2014 Guidelines Manual contains identical language to the residual clause in the ACCA. As explained above, the Second Circuit has held that "authority interpreting one phrase frequently is found to be persuasive in interpreting the other phrase," United States v. Brown, 514 F.3d 256, 268 (2d Cir. 2008) (referring to the definitions of "violent felony" under 18 U.S.C. § 924(e)(2) and "crime of violence" under U.S.S.G. § 4B1.2(a)(2)), and most courts to have considered the issue have held § 4B1.2(a)(2)'s residual clause unconstitutional for the same reasons as those set forth in Johnson II. See United States v. Hurlburt, 835 F.3d 715 (7th Cir. 2016); United States v. Calabretta, 831 F.3d 128 (3rd Cir. 2016); United States v. Pawlak, 822 F.3d 902 (6th Cir. 2016); United States v. Madrid, 805 F.3d 1204 (10th Cir. 2015); but see United States v. Matchett, 802 F.3d 1185 (11th Cir. 2015).[2] I agree with the reasoning of the majority view for the reasons stated in those cases.

Without the residual clause, and having already found that New York robbery is not a crime of violence under the force clause, the Government is left relying upon Application Note 1 of the commentary to § 4B1.2 to support its position that defendant's prior convictions are crimes of violence under the 2014 Guidelines Manual. As explained more fully above, "commentary in the Sentencing Guidelines Manual that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of, that guideline." Stinson v. United States, 508 U.S. 36, 38, 113 S. Ct. 1913, 1915 (1993).

The Second Circuit, however, has emphasized that "Stinson, insofar as it establishes the binding nature of commentary, applies only to commentary that is interpretive or explanatory in

---

[2] The Supreme Court has granted certiorari on the issue of whether the reasoning of Johnson II invalidates the residual clause in the Guidelines, see United States v. Beckles, 616 F. App'x 415 (11th Cir.2015), cert. granted, 136 S. Ct. 2510 (2016), but the parties in the instant case agree that defendant's sentencing cannot await the decision in that case.

nature." United States v. Sash, 396 F.3d 515, 522 (2d Cir. 2005). When "'the wording of the Guideline is subject to but one interpretation, it is unnecessary to consult other sources for interpretive guidance.'" Id. (quoting United States v. Mingo, 340 F.3d 112, 115 (2d Cir. 2003)). And when commentary and the guideline it interprets are inconsistent such that "following one will result in violating the dictates of the other, the Sentencing Reform Act itself commands compliance with the guideline" rather than the commentary. Stinson, 508 U.S. at 43, 113 S. Ct. 1913, 1918 (citing 18 U.S.C. §§ 3553(a)(4),(b)).

Without the residual clause, Application Note 1, including robbery and other enumerated offenses as crimes of violence, can no longer be said to be interpreting or explaining the text of § 4B1.2(a). The primary function of the note seems clearly to have been to explain that portion of the Guideline in most need of explanation – the residual clause. Precisely for this reason – its vagueness – the Supreme Court held the language in the residual clause unconstitutional in Johnson II. With the residual clause gone, § 4B1.2(a)(2) only lists a finite number of specific offenses, and "[t]here is simply no mechanism or textual hook [left] in the Guideline . . . [to] allow[] us to import offenses not specifically listed therein into . . . [the] definition of 'crime of violence.'" United States v. Soto-Rivera, 811 F.3d 53, 60 (1st Cir. 2016). Adding additional offenses to a discrete list of offenses would be inconsistent with the post-Johnson II text of the Guideline, and, as instructed by the Supreme Court, when commentary is inconsistent with the text of the guideline, the guideline must be followed. For this precise reason, the Eighth Circuit found in United States v. Bell, No. 15-3506, 2016 WL 6311084, at *4 (8th Cir. Oct. 28, 2016), that the defendant's prior conviction of robbery "[did] not qualify as a crime of violence solely because 'robbery' was included in the commentary to § 4B1.2."

In an attempt to show that Application Note 1 is still binding even though the residual

clause is unconstitutionally vague, the Government advances two arguments: (1) the commentary in Application Note 1 "clarifie[s]" the residual clause, such that the residual clause is not vague as applied to the enumerated offenses in Application Note 1; and (2) § 4B1.2's commentary is an interpretation of the phrase "crime of violence," rather than an interpretation of either the force clause or the residual clause. Both are unpersuasive.

First, commentary is only binding where it explains or interprets a guideline. Commentary has no legal force standing alone because "application notes are <u>interpretations of</u>, not <u>additions to</u>, the Guidelines." United States v. Rollins, 836 F.3d 737 (7th Cir. 2016). Therefore, commentary, which has no independent authority, cannot be used to save an otherwise unconstitutionally vague guideline. Since the residual clause is unconstitutionally vague, it is irrelevant whether a defendant had notice that his prior robbery convictions would be considered "crimes of violence" under the residual clause. Further, as the Supreme Court stated in <u>Johnson II</u>, "[i]f we hold a statute to be vague, it is vague in all its applications." 135 S. Ct. 2251, 2561 (2015).

Second, Application Note 1 cannot be read as an interpretation of the phrase "crime of violence" generally. Crime of violence is specifically defined in § 4B1.2(a) as an offense that either meets the requirements of the force clause in § 4B1.2(a)(1) or the enumerated or residual clauses in § 4B1.2(a)(2). If Application Note 1 "is not interpreting one of those two subparts – and it isn't once the residual clause drops out – then it is in effect adding to the definition. And that's necessarily inconsistent with the text of the guideline itself." Rollins, 836 F.3d at 737 (emphasis omitted).

**B. The 2014 Guidelines Manual Must be Applied to Avoid an Ex Post Facto Violation**

For the reasons given above, defendant's prior conviction of robbery in the third degree is not a crime of violence and defendant, thus, does not qualify for the enhanced base level of

15

twenty-four pursuant to § 2K2.1 under the 2014 Guidelines Manual. Therefore, I do not need to also address whether defendant's conviction for attempted robbery in the second degree is a crime of violence.

Under the 2014 Guidelines Manual, defendant's base offense level is fourteen, and after subtracting two levels for acceptance of responsibility, his total offense level is twelve. When this is combined with defendant's criminal history category of IV, his recommended sentencing range is twenty-one to twenty-seven months' imprisonment. However, as explained above, defendant's sentencing range is fifty-seven to seventy-one months' imprisonment under the 2016 Guidelines Manual. Because defendant's sentencing range is higher under the 2016 Guidelines Manual than the version of the Guidelines in place at the time he committed the offense, an *ex post facto* violation would result if it were applied. See Peugh v. United States, 133 S. Ct. 2072 (2013). Therefore, the 2014 Guidelines Manual must be applied.

## CONCLUSION

Defendant's objection to the Presentence Investigation Report's calculation of his advisory United States Sentencing Guidelines' sentencing range is sustained. Defendant's proper United States Sentencing Guidelines' sentencing range is twenty-one to twenty-seven months' custody.

**SO ORDERED.**

                                                                                       _____

                                                                                                      U.S.D.J.

Dated: Brooklyn, New York
       November 12, 2016